```
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

                                     CASE NO. 10-21435-CIV-HUCK
                                     MAGISTRATE JUDGE P. A. WHITE
CARLOS ENRIQUE SANCHEZ,         :

        Plaintiff,              :

v.                              :         REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES,                  :           [DE#11]

        Defendant.              :
```

## I. Introduction

This Cause is before the Court upon the government's Motion to Dismiss the complaint [DE# 11], with supporting Memorandum [DE#12]; the plaintiff's Response thereto [DE# 18]; and the government's Reply to the plaintiff's Response (DE#19).

The plaintiff Carlos Enrique Sanchez, filed a complaint [DE# 1] pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 et seq.,.[1]

The FTCA is a statutorily created exception to the general rule of sovereign immunity, Suarez, supra, at 1065, which allows the government to be sued by certain parties under certain circumstances for tortious acts committed by government employees. Id. While the substance of the claim is governed by the law of the state in which the alleged tort was committed, Howell v. United States, 932 F.2d 915, 917 (11 Cir. 1991), the procedural process is governed by federal law. Before an FTCA claimant may bring suit under the FTCA, he or she must first exhaust administrative remedies. This is done

---

[1] Carlos Enrique Sanchez, confined in FCI, Miami, filed a pro se civil complaint pursuant to the FTCA based on events in this District. [DE# 1]. The FTCA provides individual federal employees with immunity from personal tort liability. When, as here, federal employees are alleged to have committed common law torts within the scope of their employment, the remedy under the FTCA is against the United States. See Suarez v. United States, 22 F.3d 1064, 1065 (11 Cir. 1994). The FTCA includes a jurisdictional pre-suit administrative exhaustion requirement, which is found at §2675(a) of the Act.

by presenting a claim to the appropriate federal agency (which employs the Federal official whose act or omission is complained of) and allowing the agency to dispose of the claim before the FTCA complaint is filed in federal court. 28 U.S.C. §2675(a); Suarez, supra, 22 F.3d at 1065. Section 2675, provides in pertinent part, as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. §2675(a).

Sanchez alleges that he is a practicing observant Jew, adhering to the strict cannons of the Jewish religion, which includes total abstinence from non-Kosher prepared food and consumable products. On or about April 11 thru April 12, 2009, he was celebrating the Jewish Passover Holiday. Chaplain Deutsch and Food Administrator George Salomon provided food to the plaintiff, along with other inmates at the Federal Correctional Instituion, which included cheese blintzes. He contends that the defendants represented that the blintzes were Kosher, and approved for Passover. Several days after being served the blintzes, the plaintiff was informed by the kitchen food handlers that they were not approved as Kosher for Passover. The plaintiff obtained the label, which included "baking powder", a prohibited food ingredient not to be consumed by Observant Jews.

The plaintiff argues that the defendants were negligent in serving the cheese blintzes containing the baking powder. He further claims that the defendants' intentional misrepresentation that the blintzes were Kosher was wrongful and negligent. He alleges that he

suffered physical pain and mental anguish, and seeks $650,000 dollars in damages.

On June 3, 2010, the government filed a Motion to Dismiss [DE# 11], and argued the Complaint was subject to dismissal pursuant to Rule 12(b)(6) because 1) the plaintiff's allegations of misrepresentation falls within the exception to the FTCA and the Court therefore lacks jurisdiction, and 2) Sanchez fails to allege sufficient physical injury and the complaint should be dismissed pursuant to 42 U.S.C. §1997e(e).

## II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

Sufficiency of the claims

The government argues that the FTCA bars any claim arising out of misrepresentation, deceit, or interference with contracts rights. 28 U.S.C. §2680(h) shields government employees from tort liability for failing to communicate information, whether negligent or intentional, citing to *United States v Neustadt*, 366 U.S. 696 (1961). The test in applying the misrepresentation exception is whether the essence of the claim involves the government's failure to use due care in obtaining and communicating information. *JBP Acquisitions, LP v US ex.relu FDIC*, 224 F.3d 1260, 1264 (11 Cir. 2000). (the essence of the action for misrepresentation whether negligent or intentional, is the communication of misinformation upon which the recipient relies).

In this complaint Sanchez alleges that the intentional misrepresentation that the cheese blintzes were approved as Kosher for Passover was wrongful and negligent. (DE#1 p 18). Therefore, the complaint falls within the misrepresentation exception.

Sanchez filed a reply stating that this exception is inapplicable to this complaint, because he has also stated that the defendants were negligent in purchasing and serving the non-Kosher Passover food. He contends that the essence of his claim is the defendants' failure to exercise ordinary care in serving the food and failing to inspect the food purchases to ensure that the ingredients were Kosher. (DE#18 p6).

The government filed a reply memorandum (DE#19), supporting its argument that the essence of the complaint is the plaintiff's allegation that the intentional misrepresentation that the food was Kosher falls within the misrepresentation exception.

While the Court may be inclined to agree with the government that the plaintiff's allegations of intentional misrepresentation that the food was Kosher places the complaint within the exception of the FTCA, the government's second argument is more persuasive.

4

The plaintiff has failed to demonstrate injuries required pursuant to 42 U.S.C. §1997e(e). The plaintiff alleges that "days after" eating the blintzes, upon learning they contained prohibited ingredients, he suffered loss of appetite, loss of sleep, gastrointestinal distress and emotional and physical distress. This is insufficient to seek either compensatory or punitive damages. The Courts have consistently rejected claims of anxiety and stress, as well as the physical manifestations associated with emotional distress, such as loss of appetite, headaches and sleeplessness to establish a physical injury. *Grainger v Fed. Bureau of Prisons,* 2009 WL 47127 at *3 (SD Tex Jan. 6 2009) *Chatham v Adcock,* 334 F. Appx 281, 285(11 Cir. 2009),( claims of anxiousness, nausea, nightmares, hallucinations and increased blood pressure not sufficient to satisfy §1997e(e).

The plaintiff replies that if the Court does not find his injuries sufficient to state a claim, he seeks dismissal without prejudice to refile upon his release from federal custody on December 12, 2010, or immediately thereafter. (DE#18 p 10).

### III. Conclusion

Based on the foregoing, it is therefore recommended that:

1.   This complaint be dismissed without prejudice for failure to allege sufficient injury pursuant to 42 U.S.C. §1997e(e).

2.   The defendant United States' Motion to Dismiss the Complaint [DE# 11] be granted.

3.   This case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

5

Dated at  Miami, Florida, this 5th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Carlos Enrique Sanchez, Pro Se
      REg#43037-004
      FCI-Miami
      Address of record